**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Lynda Halama, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.  10 C 5044 |
| Sunrise Credit Services, Inc., a New York corporation, | ) ) ) | |
| Defendant. | ) | Jury Demanded |

**CLASS ACTION COMPLAINT**

Plaintiff, Lynda Halama, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection letter violates the FDCPA, and to recover damages for these violations, and alleges:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

**PARTIES**

3.      Plaintiff, Lynda Halama ("Halama"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom the Defendant attempted to collect a delinquent consumer debt allegedly owed to Rodale.

1

4.      Defendant, Sunrise Credit Services, Inc. ("Sunrise"), is a New York

corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because

it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent

consumer debts, including delinquent consumer debts in the Northern District of Illinois.

In fact, Sunrise was acting as a debt collector as to the debt it attempted to collect from

Ms. Halama.

5.      Defendant Sunrise is licensed to act as a collection agency in Illinois, see,

record from the Illinois Division of Professional Regulation, attached as Exhibit A.

## FACTUAL ALLEGATIONS

6.      During February, 2010, Defendant Sunrise sent Ms. Halama an undated

initial form collection letter, demanding payment of a delinquent consumer debt owed to

Rodale, which letter stated in pertinent part:

* * *

Our client Rodale has placed your past due account with us for your purchase of JOEY
GREENS FIX-IT MAGIC.  Live up to your promise you made when you placed your
order.  You were extended this credit in good faith.  Make the right move now and you
win.  You get the satisfaction of a paid bill and your account is closed as paid in full.

Unless this payment of $50.44 has been sent to Rodale in the last few days, it still
remains past due.  If you would like to pay your account, for your convenience, you may
pay this balance one of several ways:

1. Fill in your credit/debit card information below.
2. Send a check made payable to Rodale in the enclosed envelope.
3. Pay this balance over the phone by calling (800) 848-4735.
4. Pay your bill online at www.rodalequickpay.com.

Do it now.  You'll have lived up to your obligation to pay your balance in full.

Further collections efforts may continue if you fail to respond.

* * *

2

A copy of this letter is attached as Exhibit B.

7.     The statutorily-required 30-day dispute notice is buried on the back of the letter, as the second paragraph under the heading "**Authorization for Rodale Electronic Debit:**".  Moreover, no reference is made on the front of the letter to the 30-day dispute notice, or to any of the other rights set forth, on the back of the letter, see, Exhibit B.

8.     All of Defendant Sunrise's collection actions at issue in this matter occurred within one year of the date of this Complaint.

9.     Defendant Sunrise's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**Violation Of § 1692g –**
**Overshadowing And/Or Ineffectively Conveying**
**The 30-Day Validation Notice**

10.     Section 1692g of the FDCPA requires that, within 5 days of Defendant's first communication to a consumer, the Defendant provide the consumer with an effective validation notice, i.e., notice that the consumer has 30 days after receipt of the notice to challenge the validity of the debt, or any portion of the debt, and seek verification of it.  Moreover, § 1692g(b) further prohibits any collection activity and/or communication during the 30-day period which overshadows, or is inconsistent with, the disclosure of the consumer's right to dispute the debt, see, 15 U.S.C. § 1692(b).

11.     Here, although Defendant Sunrise's initial collection letter (Exhibit C) contains the notice required by § 1692g of the FDCPA, that notice was not effectively conveyed or rendered ineffective by other language in that letter.  Specifically, there is

no reference on the front of the letter to draw a consumer's attention to the 30-dispute notice on the back of the letter, and the 30-day dispute notice is hidden under the heading "Authorization for Rodale Electronic Debit", when the right to dispute the validity of the debt and demand verification have nothing to do with what the creditor may do with a consumer's check.

12. Moreover, the demand in Defendant Sunrise's letter to "Make the right move now" and "Do it now", would confuse anyone, let alone the unsophisticated consumer, as to what their validation rights were, by creating a false sense of urgency. Defendant Sunrise's form collection letter thus further violates § 1692g of the FDCPA. See, Avila v. Rubin, 84 F.3d 222, 226 (7th Cir. 1996); Bartlett v. Heibl, 128 F.3d 497, 501 (7th Cir. 1997); Chauncey v. JDR Recovery Corporation, 118 F.3d 516, 519 (7th Cir. 1997); see also, § 1692g(b).

13. Defendant Sunrise's violations of § 1692g of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

14. Plaintiff, Lynda Halama, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Illinois from whom Defendant attempted to collect a delinquent consumer debt allegedly owed to Rodale, via the same form collection letter (Exhibit C), that Defendant sent to Plaintiff, from one year before the date of this Complaint to the present. This action seeks a finding that Defendant's form letter violate the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

15.     Defendant Sunrise regularly engages in debt collection, using the same form collection letter it sent Plaintiff Halama, in its attempts to collect delinquent consumer debts from other persons.

16.     The Class consists of more than 35 persons from whom Defendant Sunrise attempted to collect delinquent consumer debts by sending other consumers the same form collection letter it sent Plaintiff Halama.

17.     Plaintiff Halama's claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

18.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.  Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

19.     Plaintiff Halama will fairly and adequately protect and represent the interests of the Class.  The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be

established by common proof.  Moreover, Plaintiff Halama has retained counsel

experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Lynda Halama, individually and on behalf of all others similarly situated,

prays that this Court:

1.      Certify this action as a class action;

2.      Appoint Plaintiff Halama as Class Representative of the Class, and her

attorneys as Class Counsel;

3.      Find that Defendant's form collection letter violates the FDCPA;

4.      Enter judgment in favor of Plaintiff Halama and the Class, and against

Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by

§ 1692k(a) of the FDCPA;  and,

5.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Lynda Halama, individually and on behalf of all others similarly situated,

demands trial by jury.

Lynda Halama, individually and on
behalf of all others similarly situated,

By:/s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated: August 11, 2010

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com